IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT DEWAYNE SMITH, | § | |
| TDCJ-CID #585474, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-06-1477 |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Dewayne Smith brings this action seeking federal habeas corpus relief. Smith is presently incarcerated in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He challenges the length of his incarceration. After reviewing the pleadings, the court will dismiss the habeas petition because the claims are frivolous.

## I.   Procedural History and Claims

Smith sets forth the following facts in his petition and supporting memorandum. Smith was originally charged with aggravated robbery alleged to have occurred in Montgomery County, Texas, on or about July 1, 1990. Pursuant to a plea bargain agreement, the State moved to proceed on the lesser included offense of robbery, and Smith entered a plea of guilty. Pursuant

to the plea agreement, the trial court found Smith guilty of the lesser included offense and sentenced him to ten years in the TDCJ-CID.   State v. Smith, No. 90-08-00952-CR (221st Dist. Ct., Montgomery County, Tex., Jan. 18, 1991).

Smith was paroled on March 16, 1992.   On June 22, 2000, Smith's parole was revoked because he had violated the terms of his release.   When Smith returned to the TDCJ-CID, he discovered that his previously earned good-time credits had been revoked.   He was also informed that the TDCJ-CID would not restore the credits. Smith attempted to exhaust his administrative remedies; however, his appeals were rejected by the TDCJ-CID administration.   He then filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals denied without a written order. Ex parte Smith, No. 63,852-01 (Tex. Crim. App. Feb. 15, 2006).  See Texas Judiciary Online Website, http://www.courts.state.tx.us/.

## II.  Claims

In the habeas petition before this court, Smith asserts the following claims regarding his loss of good-time credits pursuant to the parole revocation:

1.   TDCJ-CID officials violated Smith's rights to due process and equal protection;

2.   TDCJ-CID officials subjected Smith to an illegal sentence by revoking his good-time credits;

3.   TDCJ-CID officials violated 42 U.S.C. § 1994 and 18 U.S.C. §§ 1581, 1583 by imposing a sentence that was not issued by a court of law;

-2-

4.   The loss of good-time credits is a new sentence in violation of the Double Jeopardy Clause;

5.   The imposition of the new sentence in violation of the plea bargain agreement is a breach of contract; and

6.   TDCJ-CID violated the law by engaging in a conspiracy to violate Smith's rights.

Smith seeks restoration of the forfeited good-time credits.

## III.   <u>Analysis</u>

Smith's arguments are meritless.  The forfeiture of good-time credits upon revocation of parole does not violate federal due process standards.  <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996); <u>Starnes v. Cornett</u>, 464 F.2d 524 (5th Cir. 1972).  As a prisoner, Smith does not have a state or federal right to good-time credit.  <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997).  All Texas prisoners must abide by certain conditions whenever they are given a conditional release before serving their entire sentence.  TEX. GOV'T CODE § 508.154 (West 2002).  Under Texas law good-time credits are forfeited whenever a prisoner violates the guidelines of his conditional release.  TEX. GOV'T CODE § 498.004(b) (West 2000).  Texas prisoners have not had a protected right to accumulate good-time since 1977.  <u>Hallmark v. Johnson</u>, 118 F.3d 1073, 1079 (5th Cir. 1997), <u>citing</u> TEX. CIV. STAT. art. 6181-1, § 4 (West 1979).  <u>See also</u> TEX. GOV'T CODE § 498.003(a) (West 2000) ("Good conduct time is a privilege and not a right.").  The grant and forfeiture of good-time credit is a matter of state law and is

-3-

not a constitutional issue.  <u>Turner v. Johnson</u>, 46 F.Supp.2d 655, 669-70 (S.D. Tex. 1999).

There is no legal basis to Smith's argument that the denial of time credit wrongfully subjects him to additional punishment because a prisoner does not have a state or federal right to be credited with time served while on parole.  <u>Morrison v. Johnson</u>, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (requiring defendant to serve entire remaining portion his sentence after revocation of parole does not violate multiple punishment prong of double jeopardy clause); <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996) (petitioner's challenge to loss of credit for street-time served on parole was meritless).  <u>See</u> <u>also</u> Tex. Gov't Code Ann. § 508.283 (Vernon Supp. 2000) ("If a person's parole, mandatory supervision, or conditional pardon is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.").  It is not the federal courts' function to review the states' interpretation of their own laws.  <u>Weeks v. Scott</u>, 55 F.3d 1059, 1063 (5th Cir. 1995).  Smith does not have, nor has he ever had, a protected liberty interest in restoration of forfeited good-time credits.  <u>Turner</u>, 46 F.Supp.2d at 671; <u>Hallmark</u>, 118 F.3d at 1079-80.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that

-4-

the petitioner is not entitled to relief.   28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.   Smith's habeas petition will be dismissed as frivolous because it lacks an arguable legal basis.   See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby, 81 F.3d at 568-69.

## IV.   Certificate of Appealability

The court will deny issuance of a Certificate of Appealability in this action.   For the reasons stated in this Memorandum Opinion and Order, Smith has failed to demonstrate that the issues are subject to debate among jurists of reason.   See Newby, 81 F.3d at 569, citing Barefoot v. Estelle, 103 S.Ct. 3383, 3394-95 (1983).

## V.   Conclusion

The court **ORDERS** the following:

1.   Smith's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2.   A Certificate of Appealability is **DENIED**.

3.   The Clerk will provide copies of this Memorandum Opinion and Order to the parties and to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Facsimile No. 512-936-2159.

**SIGNED** at Houston, Texas, on this 9th day of August, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE